UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CURTIS MCGOUGHY,

Plaintiff,

v.

UNKNOWN PART(Y)(IES) #1, et al.,

Defendants.

Case No. 2:26-cv-42

Honorable Phillip J. Green

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. On May 5, 2026, in a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*, and granted Plaintiff leave to file an amended complaint. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the

named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that

"[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint[2] indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] As set forth above, the Court granted Plaintiff leave to file an amended complaint in an order entered on May 5, 2026. (ECF No. 5.) Plaintiff filed an amended complaint (ECF No. 6) on May 26, 2026, which is largely identical to the original complaint (ECF No. 1). The amended complaint is the operative complaint in this action.

(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. (Letters, ECF Nos. 7, 8.) The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. (Am. Compl., ECF No. 6, PageID.19.) Plaintiff sues "M.B.P. Healthcare/Dental" (Unknown Part(y)(ies) #1), and MBP Dental Assistant Sarah Jackson. (*Id.*, PageID.18–19.)

The factual allegations of Plaintiff's original complaint state in full:

> The Plaintiff has a serious dental problem [that has] been going on from 8/18/24 to now and [is] still going on. The Plaintiff ha[s] not seen[] dental in about 2 years, and the Plaintiff talk[ed] to a witness that just got his tooth pull[ed] in January of 2026, his name is [inmate] Blowers [].

(*Id.*, PageID.3 (spelling, capitalization, and punctuation corrected).)

On May 5, 2026, the Court granted Plaintiff leave to file an amended complaint. (Order, ECF No. 5.) The Court's order stated that, upon review of Plaintiff's complaint, the Court identified several defects, including that the complaint failed to name any Defendant in the factual allegations and failed to identify or describe Plaintiff's dental problem. (*Id.*, PageID.15–16.) The Court

directed Plaintiff to submit an amended complaint including "all Defendant(s) that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise," and alleging, "in chronological order, what each Defendant did or did not do on each date." (*Id.*, PageID.16.)

On May 26, 2026, Plaintiff filed his amended complaint. (Am. Compl., ECF No. 6.) The factual allegations in Plaintiff's amended complaint state in full:

> The Plaintiff has a serious dental issue [that] has been going on from 8/18/24 to now and [is] still going on. The Plaintiff hasn't seen dental in about 2 years. [Plaintiff] sent numerous kites and continues to be told there isn't a dentist here at this facility, but [Plaintiff has] talked to a witness who just got his tooth pulled in January 2026 named [inmate] Blowers [].

(*Id.*, PageID.20 (spelling, capitalization, and punctuation corrected).) As relief, Plaintiff seeks compensatory damages. (*Id.*, PageID.21.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III. Discussion

### A. Defendant Unknown Part(y)(ies) #1 named as "M.B.P. Healthcare/Dental"

Plaintiff names "M.B.P. Healthcare/Dental" (Unknown Part(y)(ies) #1) as a Defendant. (Am. Compl., ECF No. 6, PageID.18.) However, 42 U.S.C. § 1983 expressly requires that a named defendant be a "person." *See Monell v. Dep't of Soc.*

*Servs.*, 436 U.S. 658 (1978). "M.B.P. Healthcare/Dental" is operated by MBP and MDOC and is not a proper public entity subject to suit under § 1983. *See, e.g.*, *Ryan v. Corizon Health Care*, No. 1:13-cv-525, 2013 WL 5786934 (W.D. Mich. Oct. 28, 2013) (discussing that "individual prisons named as Defendants . . . (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners," and "[t]hey are not the proper public entity for suit"); *Poole v. Michigan Reformatory*, No. 09-CV-13093, 2009 WL 2960412, at *1 (E.D. Mich. Sept. 11. 2009).

Furthermore, any "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable…." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citing *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011)). The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Heyne*, 655 F.3d at 564 (citation omitted); *see also Iqbal*, 556 U.S. at 676. Here, Plaintiff asserts that he "hasn't seen dental in about two years" and he has sent "numerous kites and continue[s] to be told there isn't a dentist here at this facility[.]" (*See* Am. Compl., ECF No. 6, PageID.20.) However, reference to "dental" does not support a reasonable inference that each person working for that entity violated Plaintiff's constitutional rights. *See Boxill*, 935 F.3d at 518. And, Plaintiff does not identify where or to whom he sent the kites nor who told him that there is not a dentist at the prison. *See Heyne*, 655 F.3d at 564.

Accordingly, for these reasons, Plaintiff's claims against Defendant Unknown Part(y)(ies) # 1, named as "M.B.P Healthcare/Dental," will be dismissed for failure to state a claim.

**B. Defendant Jackson**

Plaintiff names MBP Dental Assistant Sarah Jackson as a Defendant. (Amended Compl., ECF No. 6, Page.19.) However, Plaintiff fails to name Defendant Jackson in the body of his complaint. (*See id.*)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore*, 92 F. App'x at 190.

Here, Plaintiff does not name Defendant Jackson in the body of the complaint and thus makes no particular factual allegations against Defendant Jackson. (*See*

Amended Compl., ECF No. 6, PageID.20.) Therefore, Plaintiff's claims against Defendant Jackson fall short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2).

Accordingly, for the reasons set forth above, Plaintiff's claims against Defendant Jackson are properly dismissed for failure to state a claim.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's amended complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: August 21, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge